UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 25-15 |
| v. | * | SECTION: "A" |
| MICHAEL BRIAN DEPETRILLO | * | |
| * * * | | |

## FACTUAL BASIS

**MICHAEL BRIAN DEPETRILLO** (hereinafter, the "defendant" or "**DEPETRILLO**"), has agreed to enter a plea of guilty to commodity pool operator fraud in violation of Title 7, United States Code, Section 13(a)(1) as charged in Count One of the Bill of Information. Should this matter have proceeded to trial, the government would have proven, through the introduction of competent testimony and admissible evidence, the following facts, beyond a reasonable doubt, to support the allegations in the Bill of Information now pending against the defendant.

### *Introduction*

The government would establish that the United States Commodity Futures Trading Commission ("CFTC") was an independent federal agency of the United States charged with administering and enforcing the provisions of the Commodities Exchange Act. Title 7, United States Code, Section 1a(11)(A)(i) defines a commodity pool operator ("CPO"), in relevant part, as any person engaged in a business that is of the nature of a commodity pool, investment trust, syndicate, or similar form of enterprise, and who in connection therewith, solicits, accepts, or receives from others, funds, securities, or property, either directly or through capital contributions,

AUSA _BR_
Defendant _MD_
Defense Counsel _af_

used to trade foreign currency pairs on a leveraged, margined, or financed basis ("retail forex"). **DEPETRILLO** told investors that pooling their funds would be beneficial to them. **DEPETRILLO** further represented to certain investors that either METEOR or NOLA FX CAPITAL managed the NOLA FX FUND. In at least one representation, however, **DEPETRILLO** identified "NOLA FX Capital," not the NOLA FX FUND, as the pooled investment vehicle.

**DEPETRILLO** told investors he was investing their funds through the execution of trades in the foreign currency exchange, gold futures options, stocks, and cryptocurrency.

Instead of trading as promised, **DEPETRILLO** misappropriated pool funds. **DEPETRILLO** used these misappropriated pool funds to: (1) make lulling payments to existing pool participants; (2) pay his personal expenses, such as rent, private air travel, and online gambling; and (3) conduct personal trading in his personal trading accounts.

To conceal **DEPETRILLO's** misappropriation, he created and issued fictitious account statements in the names NOLA FX FUND and NOLA FX CAPITAL. The fictitious account statements purported to show that: (1) **DEPETRILLO** had traded forex using pool participant funds, and (2) the NOLA FX FUND and NOLA FX CAPITAL had achieved significant trading returns for pool participants because of his profitable forex trading. In fact, **DEPETRILLO** never deposited pool participant funds into trading accounts belonging to NOLA FX FUND or NOLA FX CAPITAL, and he never achieved the trading returns represented on the false account statements.

AUSA _____
Defendant _____
Defense Counsel _____

**DEPETRILLO** also did not set up the forex pool in the manner required by the regulations, did not receive pool participant funds in the name of the forex pool, and commingled pool participant funds with his own funds.

In connection with its solicitations on behalf of the NOLA FX FUND, and the operation of the pool, METEOR, ELC, and NOLA FX CAPITAL, were required, but failed to register with the CFTC as a CPO, and **DEPETRILLO** was required to register as an AP of a CPO. From March 2019 to January 29, 2025, **DEPETRILLO** failed to register NOLA FX CAPITAL as a CPO and himself as an AP of a CPO. METEOR, ELC, and the ARGOS FUND were never registered as CPOs with the CFTC.

### *Victim Investor 1*

In 2022, **DEPETRILLO** offered Victim Investor 1, a resident of West Fargo, North Dakota, an opportunity to invest in the foreign currency exchange market. Victim Investor 1 accepted the offer and made an initial investment of approximately $50,000. Victim Investor 1 invested approximately $300,000 more between on or about November 2022 and March 2023. Victim Investor 1 believed a portion of his investment was invested by **DEPETRILLO** in a gold futures option. Victim Investor 1 received weekly statements containing individual trade information as well as profit amounts from **DEPETRILLO** from "Meteor FX Capital Client Services," via statements@nolafxfund.com.

The government would establish that **DEPETRILLO**, while acting as a CPO, and being required to register with CFTC as a CPO, knowingly delivered, and caused to be delivered, for transmission through interstate commerce, a communication that was materially false when, on or about August 22, 2023, **DEPETRILLO**, sent an email from the Eastern District of Louisiana to Victim Investor 1. The email contained a fraudulent "FX Capital Fund" statement purportedly

showing Victim Investor 1's account balance was $646,785.25 (see *infra)*, when in truth and fact, **DEPETRILLO,** had not invested Victim Investor 1's funds as the report claimed. **DEPETRILLO** knew the report was false, misleading, and inaccurate; and that the report concerned market information that affected or tended to affect the price of a commodity in interstate commerce, to wit: the Japanese Yen. **DEPETRILLO** embezzled and converted to his own use approximately $350,000 of Victim Investor 1's investment funds.

**FX Capital Fund**

A/C No: 504810  Name: L[redacted]                                          2023 Aug 22, 09:18:09
Closed Transactions:

| Ticket | Open Time | Type | Lot % | Item | Price | S/L | T/P | Close Time | Price | Commission | R/O Swap | Trade P/L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 53469302 | 2023.08.15 16:07:41 | buy | 2.0 | Eur/Usd | 1.09197 | 1.08831 | 0.00000 | 2023.08.15 18:44:39 | 1.09283 | -91.12 | 0.00 | 2004.76 |
| 53584389 | 2023.08.16 18:11:38 | buy | 2.0 | Usd/Jpy | 145.809 | 145.500 | 0.00000 | 2023.08.16 21:41:19 | 146.183 | -114.19 | 0.00 | 6771.29 |
| 53598492 | 2023.08.18 12:01:47 | buy | 2.0 | Usd/Jpy | 145.568 | 145.100 | 0.00000 | 2023.08.18 13:33:52 | 145.497 | -81.15 | 0.00 | -1270.39 |
|  |  |  |  |  |  |  |  |  |  | -286.46 | 0.00 | 7505.66 |

Deposit/Withdrawal: 0.00        Credit Facility: 0.00        Closed Trade P/L:        7 505.66

Open Trades:

| Ticket | Open Time | Type | Lot % | Item | Price | S/L | T/P | | Price | Commission | R/O Swap | Trade P/L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  | 0.00 | 0.00 | 0.00 |

Floating P/L:        0.00

A/C Summary:
Previous Ledger Balance:        639279.59        Floating P/L:                    0.00
Closed Trade P/L:                  7505.66        Total Credit Facility:           0.00
Deposit/Withdrawal:                  0.00        Equity:                     646 785.25
Balance:                         646785.25        Margin Requirement:              0.00

Closing Balance        646 785.25

This account is managed by Meteor LLC

As a result of these types of fictitious statements, from approximately in or about July 2017 and continuing until at least May 2024, approximately 55 victim investors issued funds to **DEPETRILLO** totaling approximately $9,200,000, all while he was acting as a CPO. **DEPETRILLO** used new investor funds to pay approximately $3,700,000 in "returns" to prior investors, approximately $575,000 on his own personal investments, approximately $425,000 on

5

AUSA _____
Defendant _____
Defense Counsel _____

rent, approximately $200,000 on private air travel, and approximately $300,000 on online gambling, among other personal expenses.

### *Other Relevant Conduct-Embezzlement Scheme*

Additionally, **DEPETRILLO** agrees that from on or about June 2017, to on or about October 2020, he embezzled approximately $951,617 from Victim Business 1.

### *Conclusion*

For sentencing purposes, the government and the defendant agree that the victims of the defendant's fraud schemes suffered a loss of approximately $6,500,000. The government and **DEPETRILLO** agree that this loss amount includes relevant conduct for his commodities, securities, cryptocurrency, and embezzlement schemes.

Various records and testimonial evidence, including testimony from representatives of the FBI, CFTC, victims, and other witnesses would also be admitted to prove the facts set forth above.

_____   2/18/25
BRIAN M. KLEBBA                   Date
Assistant United States Attorney

_____   2/18/25
MICHAEL BRIAN DEPETRILLO          Date
Defendant

_____   2-18-25
ANNA FRIEDBERG                    Date
Counsel for defendant